**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **BRENT W. SINGLETON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1: 07CV00303 (ESH)** |
| | ) | |
| **DEPARTMENT OF THE ARMY,** | ) | |
| **DEPARTMENT OF VETERANS AFFAIRS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Defendants, the U.S. Departments of the Army and Veterans Affairs, hereby move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject-matter jurisdiction over Plaintiff's claims and pursuant to Rule 8(a) on the grounds that Plaintiff has failed to set forth a short and plain statement of his claims. Alternatively, Defendants move the Court pursuant to Rule 12(e) for an order that the Plaintiff amend his complaint to make a more definite statement of his claims.[1] In support of this motion, Defendants respectfully submit the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,

_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

---

[1] Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992).

_____/s_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Captain Kevin McCart
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT W. SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1: 07CV00303 (ESH) |
| | ) |
| DEPARTMENT OF THE ARMY, | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR
## IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

## INTRODUCTION

Plaintiff, *pro se*, is a former member of the U.S. Army and brings the instant civil action

against the U.S. Departments of the Army and Veterans Affairs (herein "Defendants", the

"Army" or the "VA").  In a vague and ambiguous complaint, Plaintiff alleges that the Army

"failed to grant him a proper retirement", "discriminated against [him by] disallowing his rightful

disability/retirement status", "failed to properly provide [him] health care", failed "to respond to

Superior Court Case #03-2-11970-4"[2] and "failed to comply with the Ten Year Rule."[3]  Compl.

---

[2] Plaintiff has not otherwise identified Superior Court Case #03-2-11970-4, or alleged the court or state in which it is filed.  Absent a more definite statement, Defendants are hampered in their ability to respond to his allegation.  Notwithstanding, Plaintiff fails to allege how this Court has subject matter jurisdiction over the putative non-responsiveness of Defendants in this earlier case.

[3] Plaintiff does not provide any explanation or context for his claim that the Army failed to comply with the "Ten Year Rule."  Compl., ¶ III.2.  Moreover, Defendants are unaware of the rule to which the Plaintiff is referring. The only "Ten Year Rules" that Defendants are aware of are the provision in the Uniformed Services Former Spouse Protection Act ("USFSPA"), 10 U.S.C. § 1408, that provides for the direct payment to former spouses of a portion of military retirement pay pursuant to court order (See id. at (d)(2)) and the provisions limiting the use of

¶¶ II, III.  Plaintiff further alleges that the Department of Veterans Affairs discriminated against him by failing to provide timely and effective medical treatment, failing to diagnose and treat his injuries, and failing to respond to Superior Court Case #03-2-11970-4.  Compl. ¶¶ II, III. Plaintiff requests this Court award him $36,000,000, plus back pay from 1993 until present, attorney's fees and other relief.

This Court does not have subject matter jurisdiction to hear any of Plaintiff's claims. Plaintiff's claims relating to his retirement and disability are barred by the statute of limitations. Even assuming that these claims were timely, this Court lacks subject matter jurisdiction because the Court of Federal Claims exercises exclusive jurisdiction over non-tort monetary claims against the United States in excess of $10,000.  Plaintiff's claims against Defendants sounding in tort are barred under the Federal Tort Claims Act, because he has failed to file an administrative claim.  Plaintiff's tort claims against the Army are barred for the additional reason that service members cannot sue the United States for injuries arising from their military service.

Lastly, Plaintiff makes claims that are incomprehensible, e.g., that Defendants violated a "Ten Year Rule" and an unspecified case allegedly filed in another court.  Defendants further move to dismiss Plaintiff's Complaint, therefore, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to set forth a short and plain statement of his claims.  Alternatively, Defendants move the Court pursuant to Rule 12(e) for an order that the Plaintiff amend his complaint to make a more definite statement of his claims.

## BACKGROUND

Plaintiff enlisted in the Army in January 1985, and was honorably discharged from active

---

educational benefits provided to former members of the armed services, i.e., the Montgomery GI Bill (38 U.S.C. § 3031).  The Plaintiff has not established an entitlement under either of these statutes.  Moreover, it is not clear that either of these rules is the rule to which Plaintiff refers.

duty in December 1987.  Defense Exhibit ("Def. Ex.") A.[4]  Upon his discharge from active duty,

Plaintiff enlisted and served in the Louisiana Army National Guard.  Def. Ex. B.  In October

1989, the Louisiana Army National Guard discharged Plaintiff so that he could once again enlist

in the active Army.  Id.  Plaintiff enlisted in the Army in October 1989, and returned to active

duty.  Def. Ex. C.  In May 1993, Plaintiff was honorably discharged from the Army.  Id.  Upon

his discharge, the Army paid the Plaintiff $4,981.74 in separation pay.  Id.  Plaintiff filed his

complaint in this Court on February 8, 2007.

## STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's Complaint under Rules 12(b)(1).    A Rule

12(b)(1) motion "tests the legal sufficiency of the complaint."  ACLU Foundation of Southern

Calif. v. Barr, 952 F.2d 457, 472 (D.C. Cir. 1991).  On a motion to dismiss pursuant to Rule

12(b)(1), the Plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a

preponderance of the evidence.  McNutt v. General Motors Acceptance Corp. of Indiana, 298

U.S. 178, 189 (1936).  See also Tripp v. Executive Office of the President, 200 F.R.D. 140, 142

(D.D.C. 2001); Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999).

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure may

raise either a "facial" or a "factual" challenge to the non-moving party's claim of subject matter

jurisdiction.  See I.T Consultants v. Pakistan, 351 F.3d 1184, 1188 (D.C. Cir. 2003).  In a

"facial" challenge to the legal sufficiency of the plaintiff's jurisdictional allegations, the court

must accept as true the allegations in the complaint and consider the factual allegations of the

---

[4] Department of Defense Form 214 ("DD 214"), is a document of the United States armed forces issued by the Department of Defense upon a military service member's separation or discharge from the active duty military.  See Def. Ex. A and C.  National Guard Bureau Form 22 ("NGB 22") is the functional equivalent for service in the National Guard.  See Def. Ex. B.

complaint in the light most favorable to the non-moving party. Id.; See also Empagran S.A. v. F. Hoffman-LaRoche, Ltd., 315 F.3d 338, 343 (D.C. Cir. 2003)(A complaint may be dismissed for lack of subject matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  In our review, this court assumes the truth of the allegations made and construes them favorably to the pleader.)(citations omitted); Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000)(In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the Plaintiff's favor.)(citations omitted).

On a factual challenge, however, "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Erby v. United States, 424 F. Supp. 2d 180, 183 (D.D.C. 2006).  It is well established that, when determining a Rule 12(b)(1) motion making a factual challenge,  the Court may rely upon extraneous evidence and documents outside of the pleadings for the limited purpose of allowing the court to determine whether it has jurisdiction over Plaintiff's claims, without converting the motion into one for summary judgment.  Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir. 1992).

## ARGUMENT

### I. Plaintiff's Retirement, Ten Year Rule, and Disability Claims Are Barred By the Statute of Limitations

#### A. Statute of Limitations

"Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401(a).

Section "2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." Spannaus v. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987); see Soriano v. United States, 352 U.S. 270, 273-74 (1957); Irwin v. Veterans Administration, 498 U.S. 89 (1991). This statute is an express limitation on the Government's waiver of sovereign immunity and cannot be waived. Walters, et al. v. Sec'y of Defense, 725 F.2d 107, 111 (D.C. Cir. 1983). Thus, a claim asserted outside of the limitations period must be dismissed.

**B.    Plaintiff's Retirement and Back Pay Claims Accrued on the Date of His Discharge**

A cause of "action accrues when it first comes into existence as an enforceable claim or right." Felter v. Norton, 412 F. Supp. 2d 118, 125 (D.D.C. 2006) (citations omitted); see Catawba Indian Tribe of S.C. v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993) ("a claim does not accrue until all events necessary to fix the liability of the Defendant have occurred -- when 'the Plaintiff has a legal right to maintain his or her action.' Corman, Limitation of Actions, § 6.1, p. 374 (1991).") It is well settled that a plaintiff's cause of action for wrongful discharge and its attendant consequences, i.e. back pay, retirement pay, correction of records, etc. accrues at the time of the plaintiff's discharge. Kendall v. Army Board for Correction of Military Records, 996 F.2d 362, 365-66 (D.C. Cir. 1993); Walters, 725 F.2d at 114; Mortega v. Dep't of Defense, 2007 U.S. Dist. LEXIS 19459, *7 (D.D.C. 2007); Carter v. Dep't of the Navy, 2006 U.S. Dist. LEXIS 59767, *19-20, (D.D.C. 2006); see Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); Geyen v. Marsh, 775 F.2d 1303, 1308 (5th Cir. 1985); Nichols v. Hughes, 721 F.2d 657, 659 (9th Cir. 1983); Ballenger v. Marsh, 708 F.2d 349, 350 (8th Cir. 1983). Mr. Singleton was discharged from the Army on May 21, 1993. Defense Exhibit C. On that day he

knew that he had been discharged and not retired from the Army and that he would no longer be

receiving pay from the Army. He also knew that the Army did not consider him entitled to

retirement pay. Therefore, the six year statute of limitations period for his back pay and

retirement claims expired no later than May 20, 1999.

### C.    Plaintiff's Disability Claim Accrued on the Date of His Discharge

Mr. Singleton's claim for disability retirement is also barred by the statute of limitations.

Claims of entitlement to disability retirement benefits do not normally accrue until the

appropriate retiring, physical evaluation, or correction board either finally denies a claim or

refuses to hear it. Wielkoszewski v. Harvey, 398 F. Supp. 2d 102, 107 (D.D.C. 2005) (citing

Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990)); Chambers v. United States, 417

F.3d 1218, 1224 (Fed. Cir. 2005); Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990);

Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381, 389 (1962). Generally, when a claimant

has not had or has not sought a retiring board, his claim does not accrue until final action by the

appropriate correction board, which in that instance, stands in the place of the retiring board as

the proper tribunal to determine eligibility for disability retirement. Chambers, 417 F.3d at 1225;

Friedman, 59 Ct. Cl. 1, 24, 310 F.2d at 396.

Under certain circumstances, however, a service member's failure to request a hearing

prior to discharge can have the same effect as refusal by the service to provide board review.

Chambers, 417 F.3d at 1226; Real, 906 F.2d at 1560. Specifically, such failure can invoke the

statute of limitations when a soldier's knowledge of the existence and extent of his condition at

the time of his discharge was sufficient to justify concluding that he waived the right to board

review of the Army's finding of fitness by failing to demand a physical evaluation board prior to

6

his discharge. <u>Chambers</u>, 417 F.3d at 1226; <u>Real</u>, 906 F.2d at 1562; <u>Colon v. United States</u>, 71 Fed. Cl. 473, 481 (2006). In such a case, the statute of limitations begins to run at the time of discharge. <u>Chambers</u>, 417 F.3d at 1226; <u>Real</u>, 906 F.2d at 1562; <u>see also Miller v. United States</u>, 175 Ct. Cl. 871, 361 F.2d 245 (1966); <u>Huffaker v. United States</u>, 2 Cl. Ct. 662 (1983).

Mr. Singleton has not alleged that he sought or received review by a physical disability board prior to his discharge. The Plaintiff's complaint, however, makes it clear that he was aware of his injuries and the serious nature of those injuries prior to his discharge. Compl., ¶ II.1. Mr. Singleton not only was well aware of his injuries prior to his discharge, but also apparently sought medical treatment for the same injuries before being discharged. <u>Id.</u> These are the same injuries for which Mr. Singleton now seeks disability retirement. Therefore, the statute of limitations on his disability retirement claim began to run on May 21, 1993, the date of his discharge. Accordingly, Mr. Singleton's claim, filed before this Court on February 8, 2007, is not within the statute of limitations and is thus time-barred.

In addition to not alleging that he sought or received a competent disability board prior to his discharge, the Plaintiff has not alleged that he has sought or received review by a competent disability board since his discharge. <u>See</u> Compl. Therefore, even if this Court were to decline to apply the exception to the first competent board rule, the Plaintiff's claim would still not properly be before the Court as the Plaintiff's claim would not yet have accrued. The general rule, as set out above, is that the Plaintiff's claim challenging the denial of disability benefits accrues when the appropriate retiring, physical evaluation, or correction board either finally denies a claim or refuses to hear it. <u>Wielkoszewski</u>, 398 F. Supp. 2d at 107 (citing <u>Real</u>, 906 F.2d at 1560). The Plaintiff cannot preemptively challenge a theoretical future decision. This is especially true when the Army has not yet ruled on a disability request by the Plaintiff, because the Plaintiff has not

even submitted such a request to the Army.  Cf.  New York State Opthalmological Soc'y v. Bowen, 854 F.2d 1379, 1385 (D.C. Cir. 1985)(We hold that the ... claim that accrues solely upon denial of approval is not ripe for judicial review at the pre-enforcement stage.).

## II.    Plaintiff's Medical Malpractice Claims Are Barred by Federal Tort Claims Act

### A.    Claim against the VA

The FTCA, 28 U.S.C. §§ 2671-2680, provides that "an action shall not be instituted against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a).  This requirement is jurisdictional.  Simkins v. District of Columbia Government, 108 F.3d 366, 371 (D.C. Cir. 1997) ("the Supreme Court has held that the 'FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.'") (quoting McNeil v. United States, 508 U.S. 113 (1993)).  "Such a claim is a mandatory jurisdictional prerequisite to a suit against the United States. 28 U.S.C. § 2675.  Mere "notice" of plaintiff's claims ... is not enough." Jackson v. United States, 730 F.2d 808, 809-810 (D.C. Cir. 1984).

The this Court recently reiterated and explained this requirement, stating:

> filing an administrative claim "is a mandatory jurisdictional prerequisite to a suit against the United States" under the FTCA. Jackson v. United States, 730 F.2d 808, 809 (D.C. Cir. 1984) (citing 28 U.S.C. § 2675); see also Avocados Plus Inc. v. Veneman, 361 U.S. App. D.C. 519, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (distinguishing the concepts of jurisdictional and non-jurisdictional exhaustion).

Healy v. United States, 435 F. Supp. 2d 157, 161 (D.D.C. 2006).

When Congress mandates exhaustion as a jurisdictional prerequisite, Courts have no

authority to excuse it. As the Court explained in <u>Avocados Plus</u>:

> The second form of exhaustion arises when Congress requires resort to the administrative process as a predicate to judicial review. This "jurisdictional exhaustion" is rooted, not in prudential principles, but in Congress' power to control the jurisdiction of the federal courts. <u>See</u> <u>EEOC v. Lutheran Soc. Servs.</u>, 337 U.S. App. D.C. 373, 186 F.3d 959, 963-64 (D.C. Cir. 1999).... If the statute does mandate exhaustion, a court cannot excuse it.

370 F.3d at 1247.

In order to exhaust administrative remedies under the FTCA, a plaintiff must have presented the agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum-certain damages claim," and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim. <u>GAF Corp. v. United States</u>, 818 F.2d 901, 920 (D.C. Cir. 1987).

Plaintiff has not filed a claim with the VA regarding its alleged malpractice. Defense Ex. D. Absent the filing of an administrative claim with the appropriate agency, in this case the VA, the Plaintiff's tort claim is barred, and this Court has no jurisdiction to entertain such a claim. 28 U.S.C. § 2401(b).

**B.    Claim against the Army**

The Plaintiff alleges that "the Army failed to properly provide health care for the injuries sustained while on duty with the Army." Compl., ¶ II.1. As explained, *supra*, Plaintiff is precluded from maintaining a tort claim against the Army because he has not exhausted his administrative remedies as required by the FTCA. The Plaintiff has not alleged that he ever filed an administrative claim, a mandatory prerequisite to maintaining a tort suit against the United States. Moreover, even had the Plaintiff satisfied the administrative claim requirement, any such claims are barred by the <u>Feres</u> doctrine of intra-military immunity. Under the doctrine of intra-

military immunity, a service member or former service member cannot sue the United States or another military service member for a claim arising out of his military service. <u>Feres v. United States</u>, 340 U.S. 135 (1950). In <u>Feres</u>, the United States Supreme Court held that "the government is not liable under the Federal Tort Claims Act for injuries to servicemen when the injuries arise out of or are in the course of activity incident to service." <u>Feres</u>, 340 U.S. at 146. It is settled beyond dispute that medical treatment of active duty military members at military medical facilities is incident to service. <u>Antoine v. United States</u>, 791 F. Supp. 304, 305-06 (D.D.C. 1992). Hence, to the extent that Plaintiff is complaining about medical care rendered by the U.S. Army, the alleged injury in this case occurred incident to the Plaintiff's service in the Army, and is therefore barred by the <u>Feres</u> doctrine.

### III.    Plaintiff Fails to Plead and Establish This Court's Jurisdiction

#### A.    Plaintiff Has Not Alleged a Proper Jurisdictional Basis for His Complaint

While *pro se* litigants are generally held to a lower standard in pleading and proving the existence of subject matter jurisdiction, <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980), federal court jurisdiction cannot be presumed, but must be affirmatively and distinctly plead in the complaint. <u>Norton v. Larney</u>, 266 U.S. 511, 515-16 (1925). The "United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941); <u>see also</u> <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980). Waivers of sovereign immunity cannot be implied, but must be unequivocally expressed. <u>Mitchell</u>, 445 U.S. at 538 (quoting <u>United States v. King</u>, 395 U.S. 1, 4 (1969)). In addition, such statutory waivers "are to be construed strictly in favor of the sovereign." <u>McMahon v. United States</u>, 342 U.S. 25, 27

(1951) (footnote omitted).  As the party invoking the jurisdiction of this Court, the Plaintiff bears

the burden of demonstrating that the Court has the requisite subject matter jurisdiction to grant

the relief he requests.  Gibbs v. Buck, 307 U.S. 55 (1939); McNutt, 298 U.S. 178.  In meeting his

burden of establishing jurisdiction, the Plaintiff must overcome the presumption that this Court

lacks subject matter jurisdiction.  Kokkonen, 511 U.S. at 377.  Defendants, as the parties against

whom the relief is sought, bear no burden of proving the absence of subject matter jurisdiction.

The instant complaint lacks any jurisdictional statement with respect to a claim against

the United States.  "'Without jurisdiction the court cannot proceed at all in any cause.

Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining

to a court is that of announcing the fact and dismissing the cause.'"  Steel Co. v. Citizens for a

Better Env't., 523 U.S. 83, 94 (1995) (quoting Ex parte McCardle, 74 U.S. 506 (1868)).

### B.      Plaintiff's Complaint is a "Big Tucker Act" Claim Over Which This Court Has No Jurisdiction

Although he does not plead jurisdiction in his complaint, the portions of the Plaintiff's

complaint that are not based in tort are clearly "Big Tucker Act" claims, 28 U.S.C. §1491(a)(1),

that should be dismissed for lack of subject matter jurisdiction.  The Court of Federal Claims

exercises exclusive jurisdiction over non-tort monetary claims against the United States in excess

of $10,000 and would be the only court that could grant relief to Plaintiff in this case.  28 U.S.C.

§1491.  For example, the Court of Federal Claims may issue "orders directing ... placement in

appropriate duty or retirement status, and correction of applicable records."  28 U.S.C. §

1491(a)(2).[5]

---

[5] The Court of Federal Claims has, in fact, ordered back pay, (see e.g., Skinner v. United
States, 594 F.2d 824 (1979); Sanders v. United States, 594 F.2d 804 (1979); Burd v. United
States, 19 Cl. Ct. 515 (1990); Casey v. United States, 8 Cl. Ct. 234 (1985)), restoration to

The Court of Appeals for the District of Columbia Circuit has recently clarified the appropriate test to be employed to determine whether a suit against the government is truly a Tucker Act claim.  Smalls v. United States, 471 F.3d 186, 189-90 (D.C. Cir. 2006).

> This court has adopted a bright line approach under which it "consider[s] cases to be based on the Tucker Act's waiver of sovereign immunity only if the Plaintiff seeks money or the district court grants it."  "[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government."  A complaint is not in essence one for monetary damages if the only remedy requested is "non-monetary relief that has considerable value independent of any future potential for monetary relief.  In determining whether a complaint seeks monetary relief, "the court must generally limit [its inquiry] to the four corners of the complaint."

Id.  Under this test, the Plaintiff's non-tort claims are clearly "Big Tucker Act" claims.  The Plaintiff explicitly requests "military retirement and disability compensation," "personal and general damages in the amount of $36,000,000," and "back pay from 1993 to date due."  Compl., ¶ III.  The Plaintiff's complaint differs from the Smalls Plaintiff, whose claims were found not to be Tucker Act claims, in that the Plaintiff has explicitly requested retirement and disability "compensation" and fourteen years of back pay from the Court.  The decision in Smalls hinged on the use of the phrase "retirement benefits" and the conclusion by the Court that the Plaintiff was not seeking money.  Smalls at 190.  It is inescapable that when the Plaintiff seeks "compensation" in his prayer for relief from the Court that he is seeking money.  The Plaintiff is seeking $36,000,000 in damages and fourteen years of back pay.  It is irrefutable that a request

---

military office, (Skinner, Sanders; Yee v. United States, 512 F.2d 1383 ( 1975); Murphy v. United States, 16 Cl. Ct. 385 (1989)), placement in correct retirement status, (Gant v. United States, 18 Cl. Ct. 442 (1989); Casey) and correction of military records, (Skinner; Yee; Burd; Gant; Murphy; Casey).  Mitchell, 930 F.2d at 896.  Since the Court of Federal Claims has explicit authority to provide the relief that the Plaintiff requests, this Court should dismiss the action for lack of jurisdiction.

for back pay is a request for money.  Fourteen years of back pay far exceeds the $10,000

threshold at which this Court is deprived of jurisdiction.  The plaintiff's complaint is an explicit

request, in whole or in part, for more than $10,000 in monetary relief from the federal

government.  Id. at 189-90.

While it is possible for the Court to transfer this case to the Court of Federal Claims

pursuant to 28 U.S.C. §1631, a transfer is unwarranted as the Plaintiff's claims are barred by the

statute of limitations under both Federal Circuit and District of Columbia Circuit case law.  The

District of Columbia Circuit statute of limitations analysis is set out above.  Under Federal

Circuit case law, a "claim based on unlawful discharge or release from military service accrues

on the date of discharge or release because that is the date the injury ... is incurred."  Martinez,

333 F.3d at 1301.  Pursuant to 28 U.S.C. § 2501, "every claim of which the United States Court

of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six

years after such claim first accrues."  The Plaintiff was discharged from the Army on May 21,

1993.  Def. Ex. C.  Therefore, the statute of limitations for his claim expired in May of 1999.

The Plaintiff did not file the instant lawsuit until February 8, 2007.  Compl.  Thus, the statute of

limitations deprives both this Court and the Court of Federal Claims of jurisdiction to hear this

case.

**C.**	**Plaintiff Cannot Sustain an Administrative Procedures Act Case**

Even if the Court were to construe this complaint as an Administrative Procedures Act

("APA") claim, this Court would still not have jurisdiction.  The APA is a statute of last resort.

The specific language of the APA states that if there is no other adequate remedy at law, final

agency action will then be subject to review under this statute.  5 U.S.C. § 704 (emphasis added).

Therefore, judicial review under the APA is inappropriate where there exists some "other

adequate remedy in a court;" a Tucker Act claim in the Court of Federal Claims is such an adequate remedy. International Engineering Co., Inc. v. Richardson, 512 F.2d 573, 581 (D.C. Cir. 1975), cert. denied, 423 U.S. 1048 (1976); Associated Financial Corp. v. Kemp, 769 F. Supp. 398, 403 (D.D.C. 1991). Further, as set out above, with regard to the Plaintiff's military disability claim, if the Court determines that the statute of limitations has not yet expired, then, since the Plaintiff has not alleged that he requested or received a competent board, there is no agency action to review. The Plaintiff cannot sustain a cause of action under the APA in the absence of final agency action. 5 U.S.C. § 704.

**D.    The Plaintiff's Apparent Invocation of the Back Pay Act Fails to Confer Jurisdiction on the Court**

The Plaintiff's prayer for back pay fails on several fronts. Any claim under the Back Pay Act, 5 U.S.C. § 5596, for pay from the Army fails as the Plaintiff has not alleged that he is owed pay for active duty service that he actually performed. See Compl. Plaintiff seemingly is attempting to invoke the Back Pay Act to support his claim for retirement pay, but military retirement pay is not covered by the Back Pay Act. Compare 5 U.S.C. § 5596 with 10 U.S.C. §§ 1251 et seq.

The Plaintiff is also apparently attempting to obtain back pay from the VA. Compl., ¶ III. If the Plaintiff bases this claim on an allegation that the VA did not grant the Plaintiff an entitlement to VA benefits or that he is entitled to retroactive VA benefits, this claim is not only not covered by the Back Pay Act, but also is not reviewable in this Court. 38 U.S.C. § 511(a). Section 511(a) provides that questions of law and fact necessary to a decision of the Secretary of Veterans Affairs, under a law that affects the provision of benefits to veterans, may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus

or otherwise.  By statute, the United States Court of Appeals for Veterans Claims, and the United

States Court of Appeals for the Federal Circuit, are vested with exclusive jurisdiction over

appeals concerning VA decisions.  See 38 U.S.C. §§ 7252(a) and 7292(c).  Thus, this Court does

not possess jurisdiction to entertain Mr. Singleton's complaint requesting back pay from the VA.[6]

## IV.    Plaintiff's Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a) or, alternatively, Plaintiff Should Be Required to File a More Definite Statement.

Plaintiff's Complaint is vague and confusing.  As noted, Defendants have no way of

determining what "Ten Year Rule" Plaintiff alleges Defendants violated or how "Superior Court

Case #03-2-11970-4" involves Defendants and, therefore, what claims are before the Court.

Under the Federal Rules, the principle function of the Complaint is to give the Defendant

fair notice of the claims asserted so that the Defendant can make an adequate response, either by

answer or dispositive motion.  Here, the Complaint fails to meet even these minimum

requirements.

Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id.  Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all

---

[6] In order to obtain any type of veterans' benefits, Mr. Singleton would need to first file a claim with the Secretary of the Department of Veterans Affairs.  38 U.S.C. § 5101.  He has not alleged that he has filed such a claim.  Furthermore, the Defendants are aware of no statute that would permit the VA to pay the Plaintiff back pay for military service.  Absent an allegation that the Plaintiff was employed by the VA, his claim for back pay from the VA is utterly unsupportable.

> succeeding pleadings.  Each claim founded upon a separate transaction or
> occurrence and each defense other than denials shall be stated in a separate count
> or defense whenever a separation facilitates the clear presentation of the matters
> set forth.

Id.

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable."  Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ."  Brown, 75 F.R.D. at 498 (dismissing *pro se* plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).  Because Plaintiff's Complaint has failed to comply with the Rules, it should be dismissed.

Alternatively, the Court should enter an order pursuant to Fed. R. Civ. P. 12(e) requiring Plaintiff to amend the Complaint in order to make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Fed. R. Civ. P. 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

Plaintiff's Complaint lacks the necessary specificity to enable Defendants to understand the nature of the claims against them.  Rather, parts of Plaintiff's Complaint appear to sound in tort or to be a Big Tucker Act claim, which seek as relief remedies the Court has no statutory basis for awarding.  The remainder of his Complaint is incomprehensible.  If the Court does not dismiss the Complaint outright, it will be exceedingly difficult for Defendants to proceed with

16

discovery, or even to prepare an answer to the Complaint without a more definite statement

of the specific alleged wrongful acts that serve as the bases of Plaintiff's claims for relief.

## <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed.  In the alternative, the

Court should order Plaintiff to amend his Complaint so as to make a more definite statement of

his claims.

Respectfully submitted,


_____/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


_____/s_____
STEVEN M. RANIERI
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Captain Kevin McCart
U.S. Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2007 a copy of the foregoing Motion to Dismiss or in the alternative, Motion for More Definite Statement, and the accompanying Memorandum of Points and Authorities in support thereof and Order, has been served by First-Class mail; postage prepaid to:

Brent W. Singleton
22711 Carter Moir Lane
Katy, Texas 77449

_____/s_____
STEVEN M. RANIERI
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-353-9895  / FAX 202-514-8780

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRENT W. SINGLETON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Civil Action No. 1: 07CV00303 (ESH)** |
| | ) |
| **DEPARTMENT OF THE ARMY,** | ) |
| **DEPARTMENT OF VETERANS AFFAIRS,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

<u>**ORDER**</u>

Upon consideration of Defendants' Motion to Dismiss or in the alternative, Motion for

More Definite Statement, and the opposition thereto, and the Court having considered the entire

record herein, it is, this _____ day of _____, 20__,

ORDERED that Defendants' motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendants, and that this matter is

hereby DISMISSED WITH PREJUDICE.

This is a final, appealable order.

Dated this _____ day of _____, 20__.


_____
Ellen Segal Huvelle
United States District Judge

Copies to:
Plaintiff:
Brent W. Singleton
22711 Carter Moir Lane
Katy, Texas 77449

Defendants: via ECF

CLERK
# 270    "7/2/88    CAMERA
# 1380

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES
SAFEGUARD IT

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID.

| DD FORM 214 | PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE. | CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY |

| 1. NAME (Last, First, Middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
| SINGLETON, BRENT HADE | ARMY-RA | [redacted] |

| 4a. GRADE, RATE OR RANK | 4b. PAY GRADE | 5. DATE OF BIRTH | 6. PLACE OF ENTRY INTO ACTIVE DUTY |
| SP4 | E4 | [redacted] | SHREVEPORT, LOUISIANA |

| 7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | | 8. STATION WHERE SEPARATED |
| 4TH BN 27TH FA (E7) USAREUR    C BTRY | | FT JACKSON, SC 29207 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE |
| HHB 118TH FA BDE PO | AMOUNT $ 50,000 ☐ NONE. |
| BOX 13486, SAVANNAH, GEORGIA 31416-0488 | |

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years) | 12. RECORD OF SERVICE | YEAR(s) | MON (s) | DAY(s) |
| 31V10    UNIT LEVEL COMM MAINT | a. Date Entered AD This Period | 85 | 01 | 01 |
| 02 YEARS, 08 MONTHS.//NOTHING FOLLOWS | b. Separation Date This Period | 87 | 12 | 26 |
| | c. Net Active Service This Period | 02 | 11 | 26 |
| | d. Total Prior Active Service | 00 | 00 | 00 |
| | e. Total Prior Inactive Service | 00 | 06 | 29 |
| | f. Foreign Service | 01 | 11 | 22 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 87 | 03 | 01 |
| | i. Reserve Oblig. Term. Date | 92 | 06 | 07 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service) |
| ARMY SERVICE RIBBON//OVERSEAS SERVICE RIBBON//GOOD CONDUCT MEDAL//EXPERT BADGE WITH M16 RIFLE BAR//EXPERT BADGE WITH HAND GRENADE BAR//ARMY ACHIEVEMENT MEDAL//NOTHING FOLLOWS |

| 14. MILITARY EDUCATION (Course Title, number weeks, and month and year completed) |
| TAC COMMUNICATION SYSTEM OPERATOR 11 WEEKS MAY 1985//NOTHING FOLLOWS |

| 15. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERAN'S EDUCATIONAL ASSISTANCE PROGRAM | ☐ YES ☒ NO | 16. HIGH SCHOOL GRADUATE OR EQUIVALENT ☒ YES ☐ NO | 17. DAYS ACCRUED LEAVE PAID .5 |

| 18. REMARKS |
| DENTAL CARE WAS NOT PROVIDED WITHIN 90 DAYS PRIOR TO SEPARATION// |
| NOTHING FOLLOWS |

30 DEC 87

| 19. MAILING ADDRESS AFTER SEPARATION | 20. MEMBER REQUESTS COPY 6 BE SENT TO |
| [redacted] 71251    LOUISIANA | LA DIR. OF VET AFFAIRS ☒ YES ☐ NO |

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF OFFICER AUTHORIZED TO SIGN |
| SM UNAVAILABLE FOR SIGNATURE | JOHNNIE K. HORTON, MAJ, AG COMMANDING |

SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Include upgrades) |
| RELIEF FROM ACTIVE DUTY | HONORABLE |

| 25. SEPARATION AUTHORITY | 26. SEPARATION CODE | 27. REENLISTMENT CODE |
| AR 635-200 CHAP 4 | LEK | RE 1 |

| 28. NARRATIVE REASON FOR SEPARATION |
| EXPIRATION TERM OF SERVICE. ETS |

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUESTS COPY 4 |
| NONE | |

INITIALS

SERVICE 2

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
NATIONAL GUARD BUREAU
REPORT OF SEPARATION AND RECORD OF SERVICE

| REPORT OF SEPARATION AND RECORD OF SERVICE IN THE ¹ **ARMY** NATIONAL GUARD OF **LOUISIANA** AND AS A RESERVE OF THE ² **ARMY** |
|---|

| 1. Insert either Army or Air | 2. Enlisted personnel only - insert only Army or Air Force |
|---|---|

| 1. LAST NAME - FIRST NAME - MIDDLE NAME **SINGLETON BRENT WADE** | 2. DEPARTMENT, COMPONENT AND BRANCH **ARNGUS/LAARNG** | 3. SOCIAL SECURITY NUMBER ▮▮▮▮ |
|---|---|---|

| 4. DATE OF ENL | YR 87 | MO 12 | DA 28 | 5a. RANK **SPC** | 5b. PAY GRADE **E4** | 6. DATE OF RANK | YR 87 | MO 12 | DA 28 | 7. DATE OF BIRTH | YR | MO | DA ▮ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 8a. STATION OR INSTALLATION AT WHICH EFFECTED **Co A 527th Engr Bn Ruston, LA 71270** | 8b. EFFECTIVE DATE | YR 89 | MO 10 | DA 01 |
|---|---|---|---|---|

| 9. COMMAND TO WHICH TRANSFERRED **NA** | 10. RECORD OF SERVICE | YRS | MOS | DAYS |
|---|---|---|---|---|
| | (a) NET SERVICE THIS PERIOD | 01 | 08 | 04 |
| | (b) PRIOR RESERVE COMPONENT SERVICE | 00 | 07 | 00 |
| | (c) PRIOR ACTIVE FEDERAL SERVICE | 02 | 11 | 20 |
| 11. TERMINAL DATE OF RESERVE/MILITARY SERVICE OBLIGATION  YR 92  MO 06  DA 07 | (d) TOTAL SERVICE FOR PAY | 04 | 07 | 24 |

| 12. MILITARY EDUCATION (Course Title, number of weeks, month and year completed) **None** | 13. PRIMARY SPECIALITY NUMBER, TITLE AND DATE AWARDED (Additional speciality numbers and titles) **(P) 31V10 Unit Level Comm Maint 880304** |
|---|---|

| 14. HIGHEST EDUCATION LEVEL SUCCESSFULLY COMPLETED SECONDARY/HIGH SCHOOL **12** YRS (Gr 1-12) COLLEGE **02** YRS | 15. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED THIS PERIOD (State Awards may be included) **ASR-1/AGCM(1st Awd)/OSR(1)/M16 Rifle MkM Qual Bad/Han Gren EXP QQual Bad** |
|---|---|

| 16. SERVICEMAN'S GROUP LIFE INSURANCE COV | 17. PERSONNEL SECURITY INVESTIGATION | |
|---|---|---|
| | a. TYPE | b. DATE COMPLETED |
| ☐ YES ☐ NO | **NA** | **NA** |
| AMT $ **50,000** | | |

18. REMARKS

**No periods of AD this period.  Not a SRIP participant.  NGB Fm 22 and NGB Fm 55 mailed certified to last known address as stated in item 19.**

| 19. MAILING ADDRESS AFTER SEPARATION (Street, RFD, City, County, State and Zip Code) ▮▮▮▮ **Jonesboro, Jackson, LA 71251** | 20. SIGNATURE OF PERSON BEING SEPARATED **Not available for signature** |
|---|---|

| 21. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER **DUANE E CRNKOVIC, CPT, LAARNG, Commanding** | 22. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |
|---|---|

| 23. AUTHORITY AND REASON **Para 8-26b, NGR 600-200 Enl in Reg Component of US Armed Forces** |
|---|

| 24. CHARACTER OF SERVICE **Honorable** | 25. TYPE OF CERTIFICATE USED **NGB Fm 55** | 26. REENLISTMENT ELIGIBILITY **RE-1** |
|---|---|---|

| 27. | ☐ REQUEST | ☐ DECLINE COPIES OF MY NGB FORM 22 | INITIALS _____ |
|---|---|---|---|

NGB FORM 22
1 FEB 83    (Replaces NGB Form 22, dated 15 Oct 76 and NGB Form 22-1, dated 1 Jun 78, which are obsolete)

4

DEPARTMENTS OF THE ARMY AND THE AIR FORCE
NATIONAL GUARD BUREAU

CORRECTION TO NGB FORM 22

REPORT OF SEPARATION AND RECORD OF SERVICE IN THE [1] ARMY  NATIONAL GUARD OF  LOUISIANA

AND AS A RESERVE OF THE [2]  ARMY

DATE OF CORRECTION  27 June 1990

## IDENTIFICATION DATA

| NAME (Last, first, middle initial) | SERVICE NUMBER | DATE AND PLACE OF DISCHARGE |
|---|---|---|
| SINGLETON, BRENT WADE | ██████ | 1 Oct 89 Ruston, La 71270 |

| ORGANIZATION AND HOME STATION | PERMANENT ADDRESS FOR MAILING PURPOSES |
|---|---|
| Co A 527th Engr Bn Cbt Hv Ruston, La 71270 | ██████ Jonesboro, La 71251 |

## CORRECTIONS

THE ORIGINAL REPORT OF SEPARATION AND RECORD OF SERVICE (NGB FORM 22) FOR THE ABOVE-NAMED INDIVIDUAL IS CORRECTED AS INDICATED BELOW:

| ITEM NR | CORRECTED TO READ |
|---|---|
| 10a | 01 yr 09 mo 04 dys/////////////////////////////////// |
| 10b | 00 yr 06 mo 29 dys/////////////////////////////////// |
| 10d | 05 yr 03 mo 23 dys/////////////////////////////////// |
| 12 | Add: TAC Commo System Opn 11 Wks May 85//////////////// |
| 14 | Change to read: College "00" yrs/////////////////////// |
| 15 | Add: AAM////////////////////////////////////////////// |
| 18 | Add: Individual discharged without personal notice. Enlisted in a Regular Component of the Armed Forces Chap 8 NGR 600-200//////// ///////////////////////////NOTHING FOLLOWS//////////////////// |

| TYPED NAME, GRADE OF OFFICER AUTHORIZED TO SIGN | SIGNATURE |
|---|---|
| WARREN H. LUND, CW4 | |

DISTRIBUTION:

Indiv, ARPERCEN, MPRJ

NGB FORM 22A
10 MAR 5B

1 Insert either Army or Air
2 Insert either Army or Air Force

(See reverse side for instructions for preparation)

NGB-PP-Mc 77

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) **SINGLETON, BRENT WADE** | 2. DEPARTMENT, COMPONENT AND BRANCH **ARMY/RA** | 3. SOCIAL SECURITY NO. |
|---|---|---|

| 4.a. GRADE, RATE OR RANK **PVT** | 4.b. PAY GRADE **E1** | 5. DATE OF BIRTH (YYMMDD) | 6. RESERVE OBLIG. TERM. DATE Year **00** Month **00** Day **00** |
|---|---|---|---|

| 7.a. PLACE OF ENTRY INTO ACTIVE DUTY **SHREVEPORT LA** | 7.b. HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) **JONESBORO LA 71251** |
|---|---|

| 8.a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND **1ST SQDN 2D ACR (L) FORSCOM (FC)** | 8.b. STATION WHERE SEPARATED **FT. LEWIS, WA 98433-5000** |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED **N/A** | 10. SGLI COVERAGE    None  Amount: $ **200,000.00** |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) **31V10 UNIT LEVEL COMMUNICATIONS MAINTAINER 8 YRS 1 MO//NOTHING FOLLOWS** | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| | a. Date Entered AD This Period | 89 | 10 | 02 |
| | b. Separation Date This Period | 93 | 05 | 21 |
| | c. Net Active Service This Period | 03 | 07 | 20 |
| | d. Total Prior Active Service | 02 | 11 | 20 |
| | e. Total Prior Inactive Service | 02 | 04 | 04 |
| | f. Foreign Service | 00 | 00 | 00 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 93 | 04 | 26 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)
ARMY SERVICE RIBBON//ARMY LAPEL BUTTON//NATIONAL DEFENSE SERVICE MEDAL//OVERSEAS SERVICE RIBBON//ARMY GOOD CONDUCT MEDAL (2 AWD)//EXPERT BADGE RIFLE M-16//EXPERT BADGE HAND GRENADE//ARMY ACHIEVEMENT MEDAL

14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)
NONE//NOTHING FOLLOWS

| 15.a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | Yes | No X | 15.b. HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No | 16. DAYS ACCRUED LEAVE PAID **7.5** |
|---|---|---|---|---|---|---|

| 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | No X |
|---|---|---|

18. REMARKS    DATA HEREIN SUBJECT TO COMPUTER MATCHING WITHIN DOD OR WITH OTHER AGENCIES FOR VERIFICATION PURPOSES AND DETERMINING ELIGIBILITY OR COMPLIANCE FOR FEDERAL BENEFITS//HALF SEPERATION PAY $4,981.74//NOTHING FOLLOWS

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include Zip Code) **JONESBORO LA 71251** | 19.b. NEAREST RELATIVE (Name and address - include Zip Code) **PAMELA N SINGLETON** **SAME AS 19A** |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO    **LA**    DIR. OF VET AFFAIRS  X Yes  No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED **MEMBER NOT AVAILABLE FOR SIGNATURE** | **LARRY H. CLAY, GS7, Chief, Transition Point** |

## SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION **DISCHARGE** | 24. CHARACTER OF SERVICE (Include upgrades) **HONORABLE** |
|---|---|

| 25. SEPARATION AUTHORITY **AR 635-200, PARA 16-8** | 26. SEPARATION CODE **JCC** | 27. REENTRY CODE **3C** |
|---|---|---|

28. NARRATIVE REASON FOR SEPARATION
QUALITATIVE RETENTION PROGRAM

| 29. DATES OF TIME LOST DURING THIS PERIOD **NONE** | 30. MEMBER REQUESTS COPY 4    Initials |
|---|---|

DD Form 214, NOV 88        *Previous editions are obsolete.*        SERVICE - 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENT W. SINGLETON )
)
)
Plaintiff, )
)
v. )    Civil Action No. 1: 07CV00303 (ESH)
)
DEPARTMENT OF THE ARMY, )
DEPARTMENT OF VETERANS AFFAIRS )
)
Defendants. )

## DECLARATION

I, Frank D. Giorno, declare the following:

1. That I am the Regional Counsel, Region 3, U.S. Department of Veterans Affairs, with offices located at 1722 I Street, Suite 302, Washington, DC 20421, and 3900 Loch Raven Boulevard, Building 4, Baltimore, MD 21218.

2. As Regional Counsel for Region 3, I have custody of records and files pertaining to claims filed under the Federal Tort Claims Act against the United States arising out of the alleged negligent or wrongful acts or omissions of employees of the U.S. Department of Veterans Affairs in our area of responsibility which covers Maryland, the District of Columbia, the northern part of Virginia, and the eastern portion of West Virginia. All such claims are forwarded to our offices in either Washington, DC, or Baltimore, MD, for administrative processing and investigation.

3. I have reviewed the files made and maintained in the regular course of business in our offices in both Washington, DC, and Baltimore, MD, and have found that Plaintiff has not previously filed an administrative tort claim against the United States concerning any of the matters stated in this suit.

4. I declare under penalty of perjury that the foregoing is true and correct.

_4/27/07_
Date

_____
FRANK D. GIORNO
Regional Counsel, Region 3
U.S. Department of Veterans Affairs
1722 I Street, NW, Suite 302
Washington, DC 20421

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BRENT W. SINGLETON,** | ) | |
| 22771 Carter Moir Ln. | ) | |
| Katy, TX 77449 | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0303 (ESH) |
| | ) | |
| **DEPARTMENT OF THE ARMY** | ) | |
| 101 Pentagon, Rm 3E560 | ) | |
| Wa D.C. 20310-0101, and | ) | |
| **DEPARTMENT OF VETERANS AFFAIRS,** | ) | |
| 810 Vermont N.W. | ) | |
| Wa D.C. 20420 | ) | |
| **Federal Government Agencies** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT

BEFORE ME, the undersigned, a notary public, personally appeared ANDREE' BOUDREAUX who being first duly sworn, states:

### I.

I am employed as Regional Counsel by the United States Department of Veterans Affairs.

### II.

I am responsible for the development and administration of claims filed under the Federal Tort Claims Act in the southern part of Texas in which the Michael E DeBakey Veterans Affairs Medical Center and the Veterans Affairs Regional Benefit Office is located. I personally see all tort claims filed with the agency in this area under the Federal Tort Claims Act claiming damages.

### III.

Based upon a search of pertinent Department of Veterans Affairs files and upon my own recollection, an Administrative Tort Claim has never been filed by Brent W. Singleton or by anyone on his behalf.

_Andree A. Boudreaux_
ANDREE' BOUDREAUX
Regional Counsel
Department of Veterans Affairs
6900 Almeda Road
Houston, TX 77030

1

STATE OF TEXAS
COUNTY OF HARRIS

SUBSCRIBED TO AND SWORN TO BEFORE ME on this 19th day of April 2007

_Veralyn E. Washington_
Notary Public State of Texas

VERALYN E. WASHINGTON
MY COMMISSION EXPIRES
February 25, 2011

2