UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT W. SINGLETON,<br><br>               Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF THE ARMY,<br>DEPARTMENT OF VETERAN AFFAIRS,<br><br>               Defendants. | Civil Action No. 07-303 (AK) |

**ORDER**

      Pending before the Court is Plaintiff's Motion To Use (ECF) System [6]. The Motion, signed by Plaintiff, and states simply the following: "THE CLERK OF THE COURT WILL PLEASE ENTER THE MOTION TO USE (ECF) SYSTEM IN [sic] PURSUANT TO LOCAL RULE (5.4)."

      Local Civil Rule 5.4(b)(2) permits a *pro se* party, such as Plaintiff, to obtain a CM/ECF password from the Clerk with leave of the Court. The request must be made in the form of a written motion titled "Motion for CM/ECF Password." LCvR 5.4(b)(2). In this motion, the *pro se* party must describe his access to the internet and also "confirm[] [his] capacity to file documents and receive the filings of other parties electronically on a regular basis." LCvR 5.4(b)(2). Also, if the Court grants the request for an CM/ECF password, "the pro se party must complete the CM/ECF training provided by the Clerk to all electronic filers before the Clerk issues a CM/ECF password." *Id.*

      Here, although Plaintiff's Motion requests permission to use the ECF system, it does not

describe his access to the internet or confirm his capacity "to file documents and receive the filings of other parties electronically on a regular basis," as required by LCvR 5.4(b)(2). Nor is it properly titled as "Motion for CM/ECF Password." For these reasons, it is on this  5th  day of July, 2007 hereby

**ORDERED** that Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**. Plaintiff may re-file his motion in full compliance with Local Rule 5.4(b)(2).

**SO ORDERED**.

                                        /s/
                                        ALAN KAY
                                        UNITED STATES MAGISTRATE JUDGE