UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENT W. SINGLETON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF THE ARMY,<br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>　　　　　Defendants. | Civil Action No. 07-303 (AK) |

**MEMORANDUM OPINION**[1]

Pending before this Court is Defendants' Motion to Dismiss, or in the alternative, Motion for More Definite Statement [4] and Plaintiff's "Motion to Procede [sic] to Trail [sic] / Response to Court Order Filed May 9, 2007" [8], which the Court construes as an opposition to Defendants' Motion.

**I.     Background**

This case involves multiple claims asserted by Brent Singleton, a *pro se* plaintiff and veteran of the United States Army, against the Department of the Army and the Department of Veterans Affairs. According to documents supplied by the government as exhibits to their

---

[1] By consent of the parties, this case was referred to the undersigned magistrate judge for all purposes and trial pursuant to 28 U.S.C. § 636(c). *See* "Consent to Proceed Before a United States Magistrate Judge for All Purposes" [7], dated 5/21/07.

Motion, Plaintiff enlisted in the Army in January, 1985 and was honorably discharged in December, 1987. Plaintiff re-enlisted in the Army in October, 1989 and was honorably discharged again in May, 1993.

Plaintiff filed his Complaint in the present case on February 8, 2007. Plaintiff alleges that the Department of the Army: (1) "failed to grant Plaintiff a proper military retirement and discriminated against Plaintiff disallowing his rightful disability/retirement status;" (2) "failed to properly provide health care for the injuries sustained while on duty with the Army;" (3) "failed to respond to Superior Court case #03-2-11970-4 brought by Plaintiff;" and (4) "failed to comply with the Ten Year Rule" [1]. Plaintiff further alleges that the Department of Veterans Affairs: (1) "discriminated against Plaintiff in failing to provide timely and effective treatments on the basis of his being court-martialed by the Army, were incompetent in their treatment, and committed medical malpractice in failing to properly diagnose and treat Plaintiff's injuries; and (2) failed to respond to Superior Court case #03-2-11970-4 [1]. Plaintiff seeks $36,000,000 in damages, back pay from 1993 to the present, pre-judgment interest, attorney's fees and costs.

## II.     Legal Standard

Defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff, as the party invoking the jurisdiction of this Court, bears the burden of establishing subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Because subject matter jurisdiction involves the Court's power to hear Plaintiff's claims, the Court must give close scrutiny to Plaintiff's factual allegations. *Macharia v. United States*, 334 F.3d 61, 64 (D.C. Cir.

2003).

In resolving a motion to dismiss for lack of subject matter jurisdiction, *pro se* pleadings are held to a less stringent standard than those filed by an attorney. *Haines v. Kramer*, 404 U.S. 519, 596 (1972). A *pro se* plaintiff's complaint is to be construed liberally in his favor, and the Court will grant such a plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**III.    Discussion**

A.    Plaintiff's Retirement, Disability, and Back Pay Claims

Plaintiff alleges that the Department of the Army denied him retirement and disability benefits and that the Department of Veterans Affairs owes him back pay from 1993 to the present. Plaintiff is seeking, among other things, $36,000,000 in damages. While Plaintiff does not specify a jurisdictional basis for these claims in his Complaint, the Court will construe these allegations as claims under 28 U.S.C. § 1491, also referred to as the Big Tucker Act.

Section 1491(a)(1) provides, in relevant part, that the United States Court of Federal Claims has jurisdiction over non-tort claims against the United States for which monetary damages are sought. The Little Tucker Act, codified at 28 U.S.C. § 1346(a)(2) further provides that the Court of Federal Claims and the United States District Courts have concurrent jurisdiction over non-tort claims against the United States in which the plaintiff's prayer for damages does not exceed $10,000. Read together, these statutes make clear that the Court of Federal Claims has exclusive jurisdiction over non-tort claims against the United States for which damages in excess of $10,000 are sought. In the present case, Plaintiff asserts non-tort claims for retirement and

disability benefits and back pay against two agencies of the United States government and seeks far more than $10,000 in monetary damages. Therefore the Court of Federal Claims has exclusive jurisdiction over these claims and this Court lacks subject matter jurisdiction to entertain them.

When an action is filed with a court that lacks jurisdiction, the court may, in the interest of justice, transfer the action to a court where the action could have been brought. 28 U.S.C. § 1631. Transfer of claims, rather than dismissal, is the appropriate remedy to cure a lack of subject matter jurisdiction unless the action was not timely filed with the original court, in which case a transfer would not be in the interest of justice. *Danko v. Dir., Office of Workers' Comp.*, 846 F.2d 366, 368-369. *See also* 17 Moore's Federal Practice - Civil § 111.52 (discussing situations in which transfer is not in the interest of justice).

The applicable statute of limitations is set forth in 28 U.S.C. § 2401(a), which provides that "[e]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." For claims arising from a service member's discharge from the Army, such as claims for retirement pay and back pay, the statute of limitations begins to run when the discharge becomes final. *Kendall v. Army Bd. for Corr. of Military Records*, 996 F.2d 362, 365-66 (D.C. Cir. 1993). A claim for disability benefits accrues at the time of discharge if the service member had knowledge of his disability at the time of discharge and failed to request a hearing. *Chambers v. United States*, 417 F.3d 1218, 1226 (Fed. Cir. 2005).

In the present case, Plaintiff's service records indicate that he was discharged from the Army on May 21, 1993. Certificate of Release or Discharge from Active Duty [4-6]. Plaintiff was aware of his injuries at the time of discharge but did not request the appropriate hearing to

determine disability retirement benefits. *See* Compl at 2. Therefore Plaintiff's claims for retirement pay, back pay, and disability benefits accrued on May 21, 1993 and the statute of limitations expired on May 20, 1999. Because Plaintiff did not file his complaint until February 8, 2007, these three claims are time-barred and must be dismissed.

B.      Plaintiff's Medical Malpractice Claims

Plaintiff alleges that the Department of Veterans Affairs committed medical malpractice by failing to properly diagnose and treat injuries Plaintiff sustained while on active duty with the Army in 1990. Plaintiff also alleges that the Department of the Army failed to provide adequate health care in connection with these injuries. Although Plaintiff does not specify a jurisdictional basis for these claims, the Court will construe them as being brought pursuant to the Federal Tort Claims Act (FTCA).

1.      *Claim against Department of Veterans Affairs*

Plaintiff's claim for medical malpractice against the Department of Veterans Affairs must be dismissed because Plaintiff failed to exhaust administrative remedies. A plaintiff cannot institute a suit

> against the United States for money damages . . . for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . .

28 U.S.C. § 2675(a). This requirement is jurisdictional; if a plaintiff does not exhaust administrative remedies then the District Court lacks subject matter jurisdiction to entertain his

claims. *McNeil v. United States*, 508 U.S. 106, 113 (1993). In *McNeil*, the Supreme Court applied the FTCA's exhaustion requirement to a *pro se* petitioner, noting that the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes made by those who proceed without counsel." *Id*.

There is no evidence before this Court that Plaintiff submitted his medical malpractice claim to the Department of Veterans affairs. Because Plaintiff failed to exhaust administrative remedies before seeking relief from this Court, he has not satisfied an important jurisdictional prerequisite under the FTCA. Therefore Plaintiff's medical malpractice claim against the Department of Veterans Affiars must be dismissed for lack of subject matter jurisdiction.

    2.    *Claim against Department of the Army*

Plaintiff's claim for medical malpractice against the Department of the Army is barred by the doctrine of intra-military immunity, as set forth in *Feres v. United States*, 340 U.S. 135 (1950). In *Feres*, the Supreme Court held "that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen when the injuries arise out of or are in the course of activity incident to service." *Id*. at 146. Medical treatment of military personnel at a military hospital undoubtedly satisfies the "incident to service" requirement of *Feres*. *See Antoine v. United States*, 791 F. Supp. 304, 305-306 (D.D.C. 1992).

Plaintiff admits that his injury occurred while he was on duty. While he does not specifically state at which facility the alleged medical malpractice occurred, the Court surmises from his Complaint that he was treated at a military hospital. These facts support a finding that Plaintiff's injury arose out of or was in the course of activity incident to service. Therefore the

medical malpractice claim against the Department of the Army is barred by the *Feres* doctrine and must be dismissed for lack of subject matter jurisdiction.

C.  Plaintiff's Other Claims

Plaintiff asserts four additional claims in his Complaint: first, that the Department of the Army "discriminated" against him by denying his disability retirement status; second, that the Department of Veterans Affairs "discriminated" against him by "failing to provide timely and effective treatments on the basis of his being court-martialed by the Army;" third, that both Defendants failed to respond to Superior Court case # 03-2-11970-4; and fourth, that the Army failed to comply with the Ten Year Rule [1]. In their Motion to Dismiss, Defendants' assert that they cannot determine what Plaintiff means by the Ten Year Rule or how the abovementioned Superior Court case is related to Defendants [4-2]. Additionally, it is unclear what Plaintiff means when he alleges that he was "discriminated" against.

Federal Rule of Civil Procedure 8(a) provides that a Complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to give the opposing party fair notice of the claims being asserted against it and the grounds on which those claims rest. *Underwood v. Archer Mgmt. Servs.*, 857 F. Supp. 96, 97 (D.D.C. 1994). Plaintiff's claims relating to discrimination, the Ten Year Rule, and Superior Court case #03-2-11970-4 fail to meet the pleading requirements set forth in Rule 8(a) because they do not provide Defendants with notice of the basis for these claims. Therefore the Court will dismiss these claims without prejudice, grant Plaintiff leave to re-file any timely claims against Defendants within 30 days, and order Plaintiff to provide Defendants with a more specific

description of these allegations.


Dated: September  6 , 2007                    /s/
                                              ALAN KAY
                                              UNITED STATES MAGISTRATE JUDGE